2024 IL App (1st) 241745-U

No. 1-24-1745B

First Division
December 9, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 24 CR 2442 |
| v. | ) | |
| | ) | |
| MIKAL DAVIS | ) | Honorable |
| | ) | Natosha Toller |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court's order denying defendant's pretrial release is affirmed.

¶ 2     Defendant Mikal Davis appeals from an order of the circuit court denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. In particular, defendant contends that the State failed to carry its burden of

proving by clear and convincing evidence (1) that the proof is evident or the presumption great that he committed a detainable offense; (2) that he poses a real and present threat to the safety of any person or the community, based on specific, articulable facts of the case; and (3) that no condition or combination of conditions could mitigate this threat. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On February 12, 2024, defendant was arrested and charged with unlawful use or possession of a weapon by a felon, unlawful use or possession of a machine gun, aggravated unlawful use of a weapon, possession of a stolen motor vehicle, and being an armed habitual criminal. The State filed a petition to detain defendant, alleging that he posed a real and present threat to the safety of a person or the community.

¶ 5      The circuit court held its initial detention hearing on February 13, 2024. At the hearing, the State gave the following proffer. At approximately 11:30 a.m. on February 12, 2024, a police helicopter observed a Jeep "traveling recklessly down Lake Shore Drive at a high rate of speed." Officers were dispatched to the area and attempted to stop the Jeep, but the Jeep made a U-turn in an attempt to evade them. However, the Jeep stalled and came to a stop, at which point officers discovered that defendant was the driver and sole occupant of the Jeep.

¶ 6      Defendant initially refused multiple commands to exit the vehicle, but officers were eventually able to remove him. Once defendant was outside, officers discovered a loaded Glock handgun with an automatic switch and an extended magazine on the floorboard under the driver's seat. The police also recovered a second extended magazine from the same location. Defendant was a convicted felon and did not have a valid FOID card or Concealed Carry License.

¶ 7    The State further proffered that in October 2023, defendant was stopped by police while driving the same Jeep in Hammond, Indiana. At that time, Hammond PD informed defendant that the Jeep was stolen and confiscated the vehicle. However, the Jeep was stolen from a Hammond PD lot three days later. The license plate found on the Jeep at the time of defendant's arrest did not match the vehicle's registration and was also a different plate than was on the vehicle during the October 2023 stop.

¶ 8    Finally, the State proffered that defendant's criminal history included a 2011 felony conviction for aggravated discharge of a firearm and a 2017 felony conviction for unlawful use of a weapon by a felon. Defendant was also convicted of misdemeanor possession of ammunition in 2019, for which he remained on probation at the time of his arrest in this matter. Pretrial Services evaluated defendant as a five out of six on the New Criminal Activity scale and a four out of six on the Failure to Appear scale.

¶ 9    The defense argued that the State failed to show the elements of the charged offenses, stating that defendant never admitted to knowledge of the gun and that the Jeep "may" belong to defendant's cousin. The defense also contended that defendant did not pose a danger to the community because he never brandished or fired the gun and his criminal history was "fairly limited" and "mostly nonviolent." The defense further maintained that defendant was a good candidate for electronic monitoring, as he had no escape charges or failures to appear. Counsel also noted that defendant was a lifelong resident of Cook County who lived with his girlfriend and three children. He was pursuing a Bachelor's degree at Northwestern University and worked full time as an outreach worker at Chicago Create Real Economic Destiny.

¶ 10    After hearing arguments from the parties, the circuit court found that the State produced clear and convincing evidence that (1) evident and the presumption great that defendant committed

the charged offenses, (2) defendant posed a real and present threat to the safety of the community, and (3) no condition or combination of conditions on pretrial release would mitigate that threat. Accordingly, the court ordered that defendant be detained.

¶ 11 On April 2, 2024, defendant filed a "Motion for Bond Review" in which he sought "an order granting bond or release." The circuit court held a hearing on the motion on May 1, 2024, where both the State and defense raised substantially similar arguments to those made at the original detention hearing.

¶ 12 Following that hearing, the court reiterated its earlier finding that the State had proved all three elements to warrant defendant's continued detention. More specifically, the court opined that the State adequately proved that defendant committed a detainable offense because the proffer established that he was a convicted felon found in possession of a firearm. As to dangerousness, the court stated that defendant was driving recklessly in a populated area and attempted to evade police. The court also observed that the firearm in this case had an automatic switch and extended magazine, making it "not a gun just for safety," but a "killing machine." The court further cited defendant's criminal history involving firearms and the fact that he was on probation for an ammunition charge at the time of his arrest. Finally, the court found that detention was necessary to protect the public, as defendant's conduct "clearly shows that he does not and is not likely to obey any conditions short of detention." Thus, defendant remained detained.

¶ 13 On July 22, 2024, defendant filed a "Motion to Reconsider Pretrial Detention." At the hearing on the motion, the defense again argued that the State did not prove defendant's constructive possession of the firearm because he was not the owner of the vehicle where it was found and there was no evidence that he admitted knowledge of the weapon. Defense counsel also represented that "there wasn't any excessive reckless driving" and defendant failed to comply with

officers' commands to exit the vehicle because of "electrical problems" caused when the vehicle stalled. Counsel conceded that defendant had a "rather serious criminal background" but contended that the State had not shown a "specific articulable threat" from his criminal history and alleged possession of a firearm in this case.

¶ 14     The court rejected the defense's arguments, essentially reiterating its previous rulings regarding the State's evidence. This appeal followed.

¶ 15                                   II. ANALYSIS

¶ 16     As an initial matter, the State contends that defendant's appeal should be dismissed because he did not file a motion for relief as required by Illinois Supreme Court Rule 604(h)(2) (eff. April 15, 2024). Rule 604(h)(2) provides that:

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." *Id.*

This court has held that the failure to file a Rule 604(h)(2) motion is not a jurisdictional bar to an appeal. *People v. Cooksey*, 2024 IL App (1st) 240932, ¶ 16. However, as all issues not raised in a motion for relief are waived on appeal, the lack of such a motion may prevent a reviewing court from considering the merits of an appeal. *Id.* ¶ 17.

¶ 17     In this case, defendant's July 22, 2024 "Motion to Reconsider Pretrial Release" seeks his "release *** from pretrial detention," which is the same relief he seeks now on appeal. The motion also sets forth some general grounds for that relief, which the record shows were fully litigated by

the parties at a hearing before the circuit court. Thus, contrary to the State's contention, we find that the Motion to Reconsider Pretrial Release fulfills the purposes of Rule 604(h)(2).

¶ 18    That being said, however, we agree with the State that the arguments raised in the motion do not warrant reversal of the circuit court's detention order. Defendant's motion makes only three conclusory assertions relevant to this appeal, namely that (1) "[t]he proof is not evident nor the presumption great that the Defendant has committed a qualifying detainable offense;" (2) "[t]he Defendant does not pose a real and present threat [to] the safety of any person or persons or the community;" and (3) "[t]here may be conditions or a combination of conditions that can mitigate the real and present threat to the safety of any person, persons, or the community, or Defendant's willful flight." The motion does not further elaborate on any of these points.

¶ 19    We acknowledge here that the proper standard of review remains the subject of unresolved debate among the appellate districts and even divisions within the First District. See *People v. Parker*, 2024 IL App (1st) 232164, ¶¶ 46-50 (discussing the debate and collecting cases). Until provided with further direction from our supreme court, we continue to find *People v. Saucedo*, 2024 IL App (1st) 232020, to be persuasive authority. As in *Saucedo*, we apply the manifest weight of the evidence standard in deciding whether the State has proven that the defendant committed a detainable offense and poses a real and present danger to the community. *Id.* ¶¶ 31-32. Under this standard, the circuit court's decision is reversed only where the opposite conclusion is clearly evident or if the finding itself was unreasonable, arbitrary, or not based on the evidence. *Id.* ¶ 32. With respect to whether any condition or combination of conditions on release would be sufficient to mitigate the danger, we apply the abuse of discretion standard. *Id.* ¶ 36. A circuit court abuses its discretion only where its findings are arbitrary, fanciful, or unreasonable such that no reasonable

person would agree with the court's position. *Id.* We further note that our decision in this case would be the same regardless of the standard of review.

¶ 20    Turning to the merits, the State's proffer established that defendant, a convicted felon, was the driver and sole occupant of a vehicle in which an automatic firearm and multiple extended magazines were found beneath the driver's seat. Contrary to defendant's arguments before the circuit court, this was clearly sufficient to establish that he committed the detainable offense of unlawful use or possession of a weapon by a felon, regardless of whether he admitted to knowledge of the firearm. See *People v. Hilson*, 2023 IL App (5th) 220047, ¶ 59 (constructive possession proved beyond a reasonable doubt where firearm was found under the driver's seat of a vehicle driven by the defendant). The State's proffer also established that defendant had history of firearm-related felonies and was only found in possession of the weapon in this case after driving recklessly down a busy street and attempting to elude the police. Additionally, the evidence showed that defendant was on probation for an ammunition conviction at the time of his arrest in this matter. Under these circumstances, the circuit court did not err in determining that defendant posed a real and present threat to community safety, and that no conditions on defendant's release would mitigate that threat.

¶ 21                             III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court.

¶ 23    Affirmed.